UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NEXTSTEP ARTHROPEDIX, LLC, | ) | CASE NO. 5:20-cv-2125 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| CHRISTOPHER FRIES, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Christopher Fries ("Fries") to set aside the clerk's entry of default. (Doc. No. 11, Motion.) Plaintiff NextStep Arthropedix, LLC ("NextStep") has filed a memorandum in opposition. (Doc. No. 12, Opposition.) No reply has been filed. For the reasons set forth herein, the motion is granted.

## I. BACKGROUND

On September 21, 2020, NextStep filed its complaint for declaratory judgment against Fries. (Doc. No. 1, Complaint.)[1] The complaint alleges that from October 2013 to on or about August 6, 2020, Fries held the position of vice president at NextStep. In that position, he had the opportunity to participate in an Incentive Compensation Plan, although the complaint suggests that Fries either never availed himself of that opportunity or lost any potential equity interest by resigning from his position in August of 2020. NextStep seeks a declaration that "Fries ha[s] no legal right to any equity, ownership interest, incentive compensation or other right in NextStep

---

[1] By order dated May 13, 2021, the Court directed NextStep, a limited liability company, to file a supplemental statement identifying the citizenship of all its members (and sub-members, if any). (Doc. No. 13.) NextStep complied with that directive and the Court is satisfied that there is complete diversity. (*See* Doc. Nos. 14, 15.)

. . . and that if [he] had any such right at one time, it was abandoned, forfeited or otherwise terminated upon his resignation from NextStep on August 6, 2020." (*Id*. at 3–4.[2])

On November 4, 2020, an attorney acting on behalf of Fries executed a waiver of service, indicating that Fries would be required to move or otherwise plead in response to the complaint "within 60 days from October 26, 2020" and that, if he failed to do so, "a default judgment will be entered against [him]." (Doc. No. 5, Waiver of Service, at 1.)

On January 8, 2021, represented by counsel from law firms in Ohio and California (one of whom had executed the waiver of service), Fries filed a motion for extension of time until March 25, 2021 to answer or otherwise plead. (Doc. No. 6, Motion for Extension.[3]) In the alternative, Fries sought to stay the action. (*Id*.) As grounds for his request, Fries cited a related action against NextStep and others that he had filed in Fresno County, California on September 23, 2020 (the "California Action"), which was amended on December 15, 2020. (Doc. No. 6-1, Scott A. Berman Declaration (1/8/2021); Doc. No. 6-2, Declaration Exhibit A.) The defendants in the California Action had filed a motion to quash or to dismiss for *forum non conveniens* and a hearing on the motion had been set for March 18, 2021. This Court granted Fries an extension until March 25, 2021 to move or otherwise plead, but denied a stay of this action, also indicating that, "absent good cause shown, no further extension will be granted." (*See* Order (non-document) of 1/25/2021.)

Fries failed to timely move or otherwise plead by the March 25, 2021 deadline. On April 1, 2021, NextStep applied to the clerk for an entry of default. (Doc. No. 9, Application for Default.)

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the court's electronic filing system.

[3] Fries represents that opposing counsel had agreed to extend the period of time for responding to the complaint from December 28, 2020 to January 8, 2021, but would not agree to a further extension to March 25, 2021. (Doc. No. 6 at 4.)

On that same day, counsel for Fries called and emailed counsel for NextStep to discuss whether he would withdraw the application for default and stipulate to the filing of a responsive pleading by Fries. (Doc. No. 11-1 at ¶ 7 and Ex. 1.) Counsel for Fries followed up with counsel for NextStep by both phone and email on April 2, 2020. (*Id.* at ¶ 8 and Ex. 1.) On April 5, 2021, counsel for NextStep responded to counsel for Fries by leaving a voicemail message "indicating [that] he did not believe NextStep would agree to withdraw the request for entry of default. (*Id.* at ¶ 8.) This position was confirmed in writing by counsel for NextStep on April 7, 2021. (*Id.* at ¶ 9.)[4] Default was noted by the Clerk on April 7, 2021. (Doc. No. 10, Clerk's Entry of Default.) On April 12, 2021, Fries filed the instant motion to set aside the default,[5] which NextStep opposes.

## II. DISCUSSION

### A.    Applicable Law

Fed. R. Civ. P. 55(c) provides that "[t]he court may set aside an entry of default for good cause[.]" Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default. However, "[t]rials on the merits are favored in federal courts and a 'glaring abuse' of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983) (citation omitted).

---

[4] Unfortunately, these communications were probably made more difficult by both different time zones (*i.e.* Fries' counsel is in California and NextStep's counsel is in Ohio) and (for some) a holiday weekend. In his declaration in support of NextStep's opposition to Fries' motion, counsel for NextStep points out that the April 1, 2021 communiques from Fries' counsel were "after hours[.]" (Doc. No. 12-1 at ¶ 9.) NextStep's counsel "did not respond to [Fries' counsel] on Good Friday [April 2, 2021] or over the Easter weekend, but called him Monday morning [April 5, 2021] (California time) and left him a voicemail to let him know [p]laintiff would not agree to withdraw the request for entry of default." (*Id.* at ¶ 10.)

[5] The motion was filed by way of special appearance and explicitly reserved the right to pursue all available defenses. (Doc. No. 6 at 1–2.)

3

Three equitable factors are considered in determining whether good cause has been shown: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson*, 434 F.3d 826, 831–32 (6th Cir. 2006) (*quoting Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992), *citing United Coin Meter Co.*, 705 F.2d at 845).

Although "[a]ll three factors must be considered in ruling on a motion to set aside entry of default," when a defendant has a meritorious defense and the plaintiff would not be prejudiced, "it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Shepard Claims Serv., Inc. v. Wm. Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986).

**B.     Analysis**

**1.     Whether defendant's conduct was culpable conduct**

Fries claims there has been no culpable conduct on his part. Rather, "[d]ue to an inadvertent calendaring error, [his] counsel missed the deadline[]" of March 25, 2021 because "counsel was involved in discovery and depositions in the [California Action]." (Doc. No. 11 at 1.)[6] The declaration of one of Fries' attorneys, which is attached to the motion, provides little further detail, merely asserting that "my office mis-calendared the response date of March 25, 2021, in the Ohio Action and inadvertently missed the deadline, as we were in the midst of discovery activity in the California Action." (Doc. No. 11-1, Scott A. Berman Declaration (4/11/2021) ¶ 6.)

In *Shepard Claims Service*—a case involving the denial of a motion to set aside the entry of a default—the court explained:

---

[6] Neither party's brief indicates the status of the California Action. Presumably the hearing on the motion to quash took place. If there has been a ruling, neither party has so indicated.

> [t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.

796 F.2d at 194.

In its opposition brief, NextStep argues:

> Despite the fact that the Court denied his motion to stay, [d]efendant has nevertheless done all he can, as a practical matter, to stay the action anyway. Simply stated, [d]efendant has deliberately acted to thwart these judicial proceedings in reckless disregard of this Court's January 25, 2021, Order. Defendant's strategy from the beginning has been to deliberately delay this case for as long as possible, which is impermissible "back door" forum shopping.

(Doc. No. 12 at 4.) NextStep's conjecture regarding Fries' strategy (especially in view of his pending California Action, the status of which, as noted, is unknown to this Court) may very well be correct. The reasons supplied by Fries' counsel for their failure to timely answer are somewhat vague. Further, the usual custom when filing a motion to set aside an entry of default is to simultaneously file a motion for leave to answer instanter, with a copy of the proposed answer attached as an exhibit. *See, e.g., Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006). This practice helps to diminish any prejudice that might be caused by further delay in supplying an answer. Here, counsel failed to supply the responsive pleading their client proposes to file should the default be set aside.

All that being said, the Court cannot conclude on this record that defendant has displayed "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings[,]" as required by *Shepard Claims Service*. In fact, upon receiving notice that an application to the clerk for entry of default was filed and before a notice of entry of default was docketed, counsel for Fries made numerous attempts to contact counsel for NextStep to determine whether NextStep would be willing to withdraw the request for entry of default or if he would need

5

to file a motion to "strike the request and/or to set aside the entry of dismissal" (sic). (Doc. No. 11-1 at Ex. 1.) This is not conduct that demonstrates a party's deliberate intention to thwart judicial proceedings or a reckless disregard for the effect of its conduct on these proceedings, particularly since counsel for Fries was actively engaged in discovery and other matters in the related California Action, including taking the deposition of NextStep's owner, Randy Theken, on March 31, 2021—the day before NextStep filed its application for entry of default. (Doc. No. 11-1 at ¶ 5.)

This factor is neutral.

### 2. Whether defendant has a meritorious defense

Fries argues that he has meritorious defenses, in particular, lack of personal jurisdiction and *forum non conveniens*. (Doc. No. 11 at 2.) He claims that he has "consistently reserved these rights in prior submissions[,]" as well as in the instant motion. (*Id.*)

As to personal jurisdiction, Fries argues that "he is, and was at all times, a California resident working in California during the events asserted in NextStep's [c]omplaint." (*Id.* at 6.) "'[D]efects in personal jurisdiction are not waived by default when a party fails to appear or to respond . . . until after the default judgment was entered.'" *Gerber v. Riordan*, 649 F.3d 514, 520 (6th Cir. 2011) (quoting *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1121 (6th Cir. 1994)).

In opposition, NextStep argues that Fries has merely "postulate[d] a laundry list of theoretical defenses," without "mak[ing] [any] factual showing that any of these defenses are meritorious in the slightest." (Doc. No. 12 at 4.) In particular, NextStep challenges Fries' assertion that he is (and was at all relevant times) a resident of California. NextStep claims that Fries resided in Hudson, Ohio from March 2020 through late July 2020 while employed by NextStep. (*Id.* at 5.)

6

In addition, NextStep claims that Fries' "hypothetical claim of 'equity'" relies upon NextStep's Appreciation Rights Plan for Employees, which expressly provides that the courts of Summit County, Ohio "will have exclusive jurisdiction over the enforcement and/or interpretation of the [p]lan." (*Id.*) Finally, NextStep argues that Fries has no claim on the merits for an equity interest in NextStep as proven by his failure to claim any such interest when he filed for bankruptcy in 2018. (*Id.* at 5–6.)

Although NextStep identifies the better course of action (*i.e.*, that Fries should have supplied a proposed pleading that would have set forth factual support for any defenses), the Court is not required to reject Fries' assertion that he has the meritorious defense of lack of personal jurisdiction over him. "In determining whether a defaulted defendant has a meritorious defense '[l]ikelihood of success is not the measure.'" *United Coin Meter Co.*, 705 F.2d at 845 (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980)). "Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *Id.* (citing *Rooks v. Am. Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959)). These are matters better decided on a fuller record and a formal motion to dismiss, not merely on procedural technicalities.

This factor weighs in favor of Fries.

### 3. Whether plaintiff will be prejudiced

Ordinarily, "delay alone is not a sufficient basis for establishing prejudice." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (citation omitted). "Rather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Id.* (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (further citation omitted)).

7

NextStep makes none of these arguments regarding delay. Rather, it claims it is prejudiced because Fries' delay "continues to place a cloud on the otherwise free and clear title to the ownership of NextStep." (Doc. No. 12 at 6.) While that may be true, it is the unavoidable result of NextStep's having filed a lawsuit in the first place. Until such suit is resolved, the "cloud" is probably inevitable.

The Court sees no real prejudice to NextStep if the default is set aside. This factor weighs in favor of Fries.

### III. CONCLUSION

Having applied the relevant factors under Rule 55, the Court is persuaded that the factors weigh in favor of setting aside the clerk's entry of default. Accordingly, Fries' motion (Doc. No. 11) is **granted**. The Clerk's entry of default (Doc. No. 10) is set aside. Fries shall move or otherwise plead within 14 days of the date of this order. No extensions will be granted absent a showing of good cause.

**IT IS SO ORDERED**.

Dated: June 25, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**