## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| NEXTSTEP ARTHROPEDIX, LLC, | ) | CASE NO. 5:20-cv-2125 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CHRISTOPHER L. FRIES, | ) | **AND ORDER** |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Christopher Fries ("Fries") to abstain and to dismiss this action brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a) or, in the alternative, to transfer this action to the U.S. District Court for the Eastern District of California. (Doc. No. 17 ["Motion"].) Plaintiff NextStep Arthropedix, LLC ("NextStep") filed a memorandum in opposition (Doc. No. 20 ["Opp'n"]) and Fries filed a reply (Doc. No. 21 ["Reply"]). For the reasons set forth herein, to the extent the motion seeks dismissal, it is granted and the case is dismissed without prejudice.

## I.      Procedural Background

It is undisputed that Fries, currently a California resident, was previously employed in the position of vice president by NextStep, an Ohio limited liability company. The employment began in October 2013 and ended on or about August 6, 2020, when NextStep claims Fries resigned, but Fries claims he was wrongfully and constructively discharged. (Doc. No. 1, Complaint ["Compl."] ¶¶ 1–2, 10, 16; Doc. No. 18, Answer ["Answer"] ¶¶ 2, 10, 16.) In addition to their dispute over how their relationship ended, the parties also dispute Fries' compensation arrangements and

whether NextStep owes Fries some sort of equity-related compensation. (Compl. ¶ 17; Answer ¶ 17.)

On September 21, 2020, NextStep filed in this Court its single-count complaint against Fries[1] (the "federal action") seeking a declaratory judgment under 28 U.S.C. § 2201 "that Fries had no legal right to any equity, ownership interest, incentive compensation or other right in NextStep or any related or affiliated company and that if Fries had any such right at one time, it was abandoned, forfeited or otherwise terminated upon his resignation from NextStep on August 6, 2020 . . . ." (Compl. at 3-4.[2])

On September 23, 2020, Fries filed a complaint against NextStep and others in the Superior Court of California (the "State action"), which was amended on December 15, 2020, stating fifteen (15) causes of action under California law[3] and seeking what Fries calls "equity-related damages" based on his alleged wrongful and constructive termination. (Doc. No. 17 at 4–5 (citing Doc. No. 17-2, Declaration of Scott A. Berman, Esq. ["Berman Decl."] ¶ 2 & Ex. A).)

Fries has now filed the instant motion asking this Court to abstain from exercising jurisdiction and to dismiss (or stay) this action under the Declaratory Judgment Act or, in the

---

[1] On NextStep's application (*see* Doc. No. 9), the clerk initially entered the default of Fries on April 7, 2021 (*see* Doc. No. 10). Fries promptly filed a motion to set aside the default (*see* Doc. No. 11), which this Court granted on June 25, 2021 (*see* Doc. No. 16). The instant motion, along with Fries' answer, timely followed.

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system, a citation practice recently adopted by this Court despite a different directive in the Initial Standing Order for this case.

[3] The amended complaint states the following claims under California law: (1) Violation of California Labor Code § 970, (2) False Promise, (3) Intentional Misrepresentation, (4) Concealment, (5) Failure to Pay Earned Wages, (6) Failure to Pay Minimum Wage, (7) Waiting-Time Penalties, (8) Failure to Reimburse Business Expenses, (9) Failure to Pay Wages on Time, (10) Failure to Provide Proper Wage Statements, (11) Breach of Contract, (12) Unlawful Retaliation, (13) Wrongful Termination in Violation of Public Policy, (14) Unfair Competition, and (15) Violations of California Labor Code Private Attorney General Act of 2004. (*See* Doc. No. 17-1, Ex. A.)

alternative, to transfer the action to the United States District Court for the Eastern District of California under 28 U.S.C. § 1404(a). NextStep opposes the motion.

## II.     Underlying Factual Background

NextStep is an orthopedic medical device company that designs, develops, and manufactures various types of joint implants. (Compl. ¶ 5; Answer ¶ 5.) On February 28, 2013, NextStep's principal Randy Theken sent an email to Fries offering him the position of vice president of a new venture that ultimately became NextStep. (Compl. ¶ 6; Answer ¶ 6.) Subsequent emails, which Fries denies receiving (and claims are "forger[ies] of recent creation"), allegedly refined and updated Theken's offer to Fries with more detailed information, including annual salary, bonus programs, and equity structure. (Compl. ¶¶ 7–9; Answer ¶¶ 7–9.) Fries accepted the position of vice president and began working for NextStep in October 2013. (Compl. ¶ 10; Answer ¶ 10.) NextStep alleges that, despite its sending several emails to Fries with drafts of the Incentive Compensation Plan, Fries never responded. (Compl. ¶ 11.) Without admitting the specific allegations in ¶ 11 of the Complaint, Fries states that he "responded to various emails and attachments." (Answer ¶ 11.)

While working for NextStep, Fries continued to live in California until late 2019 or early 2020. (Compl. ¶ 12; Answer ¶ 12.) At that time, according to NextStep, Fries and his wife moved to Ohio (Compl. ¶ 12), but according to Fries, they "temporarily relocated to Ohio for a few months." (Answer ¶ 12.)

NextStep claims that, during a Zoom conference in March 2020, Fries and a number of other employees were advised that they were being furloughed due to the Covid-19 pandemic. (Compl. ¶ 13.) Fries admits participating in the Zoom conference but denies that he was furloughed, asserting instead that "NextStep required employees to continue working just without

3

pay." (Answer ¶ 13.) NextStep claims that Fries and his wife then went to California, allegedly to attend a wedding and do some hiking, but they never returned to Ohio. (Compl. ¶ 14.) Fries denies this allegation. (Answer ¶ 14.) NextStep also claims to have emailed Fries the final forms of the Incentive Compensation Plan on July 20, 2020 (Compl. ¶ 15), which Fries denies (Answer ¶ 15).

NextStep alleges that, on August 6, 2020, Fries emailed NextStep his notice of resignation (Compl. ¶ 16), but Fries claims he was "wrongfully and constructively discharged." (Answer ¶ 16.)

NextStep alleges that Fries is now claiming entitlement to some type of equity interest in NextStep, although, at the time of his resignation he had yet to execute any of the Incentive Compensation Plan forms that had been sent to him. (Compl. ¶ 17.) Fries admits only that he "seeks damages in [a] parallel action filed in California based in part o[n] what Fries [would] have earned in equity-related compensation had he not been wrongfully and constructively terminated." (Answer ¶ 17.) NextStep claims (and Fries denies) that there is a justiciable controversy because NextStep will suffer irreparable harm to its business "unless and until the Court issues a [d]eclaratory [j]udgment construing the parties' contract[.]" (Compl. ¶ 18; Answer ¶ 18.)

## III. Discussion

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). In the instant case, subject matter jurisdiction exists, not only under the Declaratory Judgment Act itself, but because the parties are diverse and the amount in controversy arguably exceeds $75,000. (Compl. ¶ 3.)

"The Declaratory Judgment Act empowers the district court to entertain certain actions, but it does not compel it to exercise the jurisdiction thus granted to it." *Zide Sport Shop of Ohio,*

*Inc. v. Ed Tobergte Assoc., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001) (citing 28 U.S.C. § 2201(a); *Wilton*, 515 U.S. at 282; *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942)). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288.

The Sixth Circuit generally requires consideration of five factors "to assess the propriety of [a] federal court's exercise of discretion[.]" *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000). These include:

(1)    whether the judgment would settle the controversy;

(2)    whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;

(3)    whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";

(4)    whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5)    whether there is an alternative remedy that is better or more effective.

*Id*. (quoting *Omaha Prop. & Cas. Ins. Co. v. Johnson*, 923 F.2d 446, 447–48 (6th Cir. 1991) (further citations omitted)).

First, declaring whether Fries had any equity or ownership interest in NextStep would not settle the entire controversy between these parties. NextStep does not argue otherwise in opposition to Fries' motion; instead it asserts only the obvious: "that this declaratory judgment action would settle the controversy as to whether Fries has any appreciation rights or other equity-related rights in NextStep." (Opp'n at 7.) NextStep does not argue, because it cannot, that any such

5

declaration would resolve the State action. Therefore, this factor weighs against the discretionary exercise of jurisdiction.

Second, although one aspect of the parties' legal relationship (*i.e.*, ownership interest for purposes of determining an element of damages) might be resolved in this federal action, ownership does not define the parties' entire legal relationship and, therefore, as already noted, any such clarification would not necessarily resolve the entire case. Therefore, this factor weighs neither in favor of nor against the discretionary exercise of jurisdiction.

Third, it does appear that NextStep may have filed this federal action in a pre-emptive attempt to head off a potential state court action in California (which did materialize and remains pending). "Courts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum." *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004) (noting that such actions "can deter settlement negotiations and encourage races to the courthouse, as potential plaintiffs must file before approaching defendants for settlement negotiations, under pain of a declaratory suit[]"). The concerns expressed in *AmSouth Bank* seem to have played out in this case. Between August 12 and September 14, 2020, Fries' attorney engaged in an email exchange with NextStep's attorney attempting to informally resolve the dispute. This declaratory judgment action was filed on September 21, 2020 and on September 23, 2020 Fries filed the State action. (*See* Berman Decl. ¶¶ 7–9.) The Court finds that this factor weighs against the discretionary exercise of jurisdiction.

Fourth, it appears that the use of a declaratory action would increase the friction between federal and state courts and improperly encroach on the jurisdiction of the California courts. "To determine whether the exercise of jurisdiction would increase friction between federal and state

courts [the Sixth Circuit has] considered three additional factors: (1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action." *Bituminous Cas. Corp. v. J&L Lumber Co.*, 373 F.3d 807, 814–15 (6th Cir. 2004). Here, the State action is fundamentally asserting wrongful termination in violation of an employment agreement. Fries' legal status as an employee (or not) of NextStep is "a necessary component" (*id.*) of the claims in the State action and the California court is in a better position to evaluate the underlying factual issues. Those two factors suggest that proceeding with this declaratory judgment action would increase federal/state friction. The third factor weighs neither for nor against; since Fries is (and mostly always was) a California resident, California has an interest in making sure his employment rights are vindicated, but the same is true with respect to NextStep and Ohio—given that NextStep is an Ohio business entity. NextStep argues only that whether Fries has any equity interest is not an issue in the State action; but clearly Fries' legal status (employee or owner) will be part of any analysis of Fries' state law claims. Although it is a close call, the fourth factor of the *Scottsdale* test appears to weigh against the discretionary exercise of jurisdiction.

The final element is whether there is an alternative remedy that is better or more effective than a federal declaratory judgment action. Fries has filed his State action alleging several contract and contract-related claims. The California court has already determined that it has personal jurisdiction over NextStep. (*See* Berman Decl. ¶ 10.) Further, both parties to the State action have conducted substantial discovery. (*Id.* ¶ 11.) And, finally, this Court notes that California has its own Declaratory Judgment Act—California Code of Civil Procedure §§ 1060–1062.5—under

7

which NextStep could seek to join its claim for declaratory judgment within the State action. This factor weighs against the discretionary exercise of jurisdiction.

**IV.    Conclusion**

For the reasons set forth herein, applying the factors in *Scottsdale Ins.*, *supra*, the Court concludes, in its discretion, that it should not exercise jurisdiction over this declaratory judgment action. Therefore, this matter is dismissed without prejudice.[4]


**IT IS SO ORDERED**.

Dated: January 7, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] Although Fries sought the alternative relief of an order transferring the matter to a district court in California, that would not be a fully satisfactory solution. Since the other lawsuit is pending in *state* not *federal* court, transfer to another federal court—even one in California—would accomplish very little.

8